JUDGE GARDEPHE

13 CV 4884

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACOUSTICSHEEP LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INNOVATION FACTORY INC. d/b/a THE HIPSTER d/b/a SOUKY U.S. d/b/a THE LUCKEY and TIMOTHY J. SOMMERS,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>ECF CASE |



RECEIVED JUL 15 2013 U.S.D.C. S.D.N.Y. CASHIERS

  AcousticSheep LLC (hereinafter, "Plaintiff" or "AcousticSheep"), through its undersigned counsel, for its Complaint against the defendants, alleges:

## INTRODUCTION

  1. Plaintiff is the manufacturer of the popular sleep-inducing SLEEPPHONES product, and the owner of all intellectual property rights relating to the product, including the federally registered trademark PAJAMAS FOR YOUR EARS. Defendants Innovation Factory Inc. and Timothy J. Sommers have, without the consent of Plaintiff, manufactured and sold counterfeit versions of the SLEEPPHONES product that infringe the trademark PAJAMAS FOR YOUR EARS and trade dress rights of Plaintiff.

## JURISDICTION AND VENUE

  2. This is an action for (a) trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq.; (b) trade dress infringement under the Lanham Act, 15 U.S.C. §1125 (a); (c) false designation of origin under the Lanham Act, 15 U.S.C. §1125 (a); (d)

trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114 et seq.; (e) common law trademark infringement under the law of the State of New York; (f) common law unfair competition under the law of the State of New York; and (g) common law injury to business reputation and dilution under New York General Business Law § 360-I.

3.   This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).

4.   Upon information and belief, defendants (i) operate websites at www.souky.us, www.thehipster.co and www.theluckey.com (hereinafter, the "Offending Websites") at which they advertise and sell infringing products that consumers in this District can purchase, and upon information and belief, have purchased, (ii) operate the Offending Websites from which consumers, including consumers in this District, can purchase the infringing products, (iii) derive revenue from intrastate and interstate commerce, and (iv) defendants are otherwise within the jurisdiction of this Court.

5.   On the foregoing bases, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.   Plaintiff AcousticSheep, LLC is a limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business at 179 Jefferson Circle, Bellefonte Pennsylvania 16823.

7.   Upon information and belief, Innovation Factory Inc. (hereinafter, "IF") is a corporation organized under the laws of the State of Colorado, with a principal place of

business at 601 E. 18th Avenue, Suite 120, Denver Colorado 80203.

8.  Upon information and belief, IF operates under the trade name "The Hipster", which is registered in the State of Colorado.

9.  Upon information and belief, IF also operates under the trade name "Souky," and its webpage on the domain www.souky.us states that Souky is "the retail and voucher arm for The Innovation Factory Inc."

10. Upon information and belief, IF also operates under the trade name "The Luckey."

11. Upon information and belief, defendant Timothy J. Sommers is the Chief Executive Officer of defendant IF (Timothy J. Sommers and IF collectively hereinafter, "Defendants"), and, on information and belief, directs and controls the infringing activities of IF, as hereafter set forth.

12. Upon information and belief, defendant Timothy J. Sommers is a resident of the State of Colorado.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff is the manufacturer of the popular SLEEPPHONES sleep-inducing product. The SLEEPPHONES product is a lightweight, washable headband that contains thin removable speakers, with a cord extending from the headband that can plug into the majority of audio devices. The SLEEPPHONES product assists with falling and staying asleep by playing music or soothing sounds while blocking out extraneous noise, such as a partner's snoring.

14. Plaintiff has extensively advertised and promoted the SLEEPPHONES

product, and since its introduction in 2007, the SLEEPPHONES product has enjoyed tremendous sales growth and widespread popularity.  The SLEEPPHONES product is now sold in more than ten countries, and more than 120,000 units thereof have been sold.

15. Plaintiff owns all right, title and interest in and to the trademark PAJAMAS FOR YOUR EARS, which is the subject of the federal registration No. 4096273, in connection with the goods "compact discs featuring music; downloadable MP3 files and MP3 recordings featuring binaural beats; downloadable musical sound recordings; headphones."  A copy of that trademark registration is attached as <u>Exhibit 1.</u>

16. The PAJAMAS FOR YOUR EARS mark is used in advertising and promotional materials for the SLEEPPHONES product, and is featured on the rectangular external label of the product in lower-case letters.

17. The following image is a true and correct photograph of the front of the genuine SLEEPPHONES product, in the color black, showing especially Plaintiff's PAJAMAS FOR YOUR EARS mark:



18. The following image is a true and correct photograph in close detail of the rectangular external label on the front of the genuine SLEEPPHONES product featuring

the PAJAMAS FOR YOUR EARS mark:



19.     Plaintiff has trade dress rights in its SLEEPPHONES product, which is protectable, distinctive and non-functional.  Specifically, and as shown in the photographs above, the SLEEPPHONES product includes at least the following elements: (a) a rectangular external label featuring a logo of a sleeping sheep with headphones, (b) the text "SleepPhones" in a single word with "S" and "P" capitalized and the remaining letters in lower case, all along and above a horizontal line, (c) the text "pajamas for your ears," all in a lower-case font below said line, (d) all on a headband comprised of soft-wicking fleece materials; and the combination and arrangement of the aforesaid elements (hereinafter, the "SLEEPPHONES Trade Dress").

20.     The SLEEPPHONES Trade Dress has acquired secondary meaning, and is recognized as identifying Plaintiff's high-quality sleep-inducing product.

21.     Due to the extensive advertisement and promotion conducted by Plaintiff, any SLEEPPHONES product bearing the trademark PAJAMAS FOR YOUR EARS and the SLEEPPHONES Trade Dress is immediately associated by purchasers and the public as being the Plaintiff's genuine SLEEPPHONES product.

22.     The following image is a true and correct photograph of the front of the

Defendants' sleep-inducing product (the "Infringing Product"):



23. The following image is a true and correct photograph in close detail of the rectangular external label on the front of the Defendants' Infringing Product:



24. Upon information and belief, Defendants promote and offer the Infringing Product for sale through the Offending Websites, advertising and promotional materials.

25. Upon information and belief, Defendants' Infringing Product has been viewed and purchased by internet users around the country, including internet users in this District.

## COUNT I

**Trademark Infringement Under the Lanham Act, 15 U.S.C. §1114, Et Seq.**

26. Plaintiff repeats and realleges each allegation in paragraphs 1 to 25 as if

fully set forth herein.

27.    The Plaintiff is the owner of all right, title and interest in and to the registered trademark PAJAMAS FOR YOUR EARS, as shown in <u>Exhibit 1</u> hereto.

28.    The Plaintiff has used the PAJAMAS FOR YOUR EARS mark on the SLEEPPHONES product itself, on the product packaging that contains the SLEEPPHONES product, and in print, online and television advertising and promotional materials.

29.    Defendants develop, manufacture, transport, offer for sale and sell a product that infringes the trademark PAJAMAS FOR YOUR EARS and uses variations of "sleep" and variations of "phone".

30.    Defendants have affixed, applied and used representations of the trademark PAJAMAS FOR YOUR EARS in connection with the unauthorized development, manufacturing, transporting, offering for sale and sale of the Infringing Product, and have caused said Infringing Product to enter into commerce in the United States, to Plaintiff's detriment.

31.    Defendants have improperly developed, manufactured, transported, offered for sale and sold the Infringing Product bearing the trademark PAJAMAS FOR YOUR EARS with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, and to improperly appropriate the valuable trademark rights of Plaintiff.

32.    The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff and are damaging to Plaintiff.

33. Defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114 et seq.

34. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $1 million.

35. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT II

### Trade Dress Infringement

### Under the Lanham Act, 15 U.S.C. § 1125 (a).

36. Plaintiff repeats and realleges each allegation in paragraphs 1 to 35 as if fully set forth herein.

37. Defendants have intentionally affixed, applied and used trade dress substantially similar to the SLEEPPHONES Trade Dress in connection with the unauthorized development, manufacturing, transporting, offering for sale and sale of the Infringing Product.

38. Defendants' trade dress infringes the SLEEPPHONES Trade Dress in that the Infringing Product features (a) a rectangular external label including the text "sleep" and "phones", all along and above a horizontal line, (b) the text "pajamas for your ears" all in a lower-case font below said line, (c) on a headband comprised of fleece material.

39. Defendants have caused such Infringing Products to enter into commerce in the United States, to Plaintiff's detriment.

40. Defendants have improperly developed, manufactured, transported,

offered for sale and sold the Infringing Product, with trade dress substantially similar to the SLEEPPHONES Trade Dress, with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, and to improperly appropriate the valuable trademark rights of Plaintiff.

41. The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff and are damaging to Plaintiff.

42. Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

43. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $1 million.

44. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT III

**False Designation of Origin Under the Lanham Act, 15 U.S.C. §1125 (a)**

45. Plaintiff repeats and realleges each allegation in paragraphs 1 to 44 as if fully set forth herein.

46. Defendants' Infringing Product bears the trademark PAJAMAS FOR YOUR EARS and the SLEEPPHONES Trade Dress, creating the impression that the Infringing Product is authentic.

47. Upon information and belief, the unauthorized usage of the PAJAMAS FOR YOUR EARS mark and the SLEEPPHONES Trade Dress has caused and will

continue to cause the public to believe that the Defendants' Infringing Product is authentic.

48. Defendants' efforts to misrepresent themselves as a legitimate source of the SLEEPPHONES product takes control of the reputation and goodwill of the SLEEPPHONES product away from the Plaintiff, which owns and is responsible for the goodwill of the trademark PAJAMAS FOR YOUR EARS and Trade Dress in the United States and elsewhere in the world.

49. Defendants have improperly developed, manufactured, transported, offered for sale and sold the Infringing Product bearing the trademark PAJAMAS FOR YOUR EARS and SLEEPPHONES Trade Dress, as a false designation of origin, with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, and to improperly appropriate Plaintiff's valuable trademark and trade dress rights.

50. Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

51. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $1 Million.

52. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT IV

**Trademark Counterfeiting Under the Lanham Act, 15 U.S.C. §1114, Et Seq.**

53. Plaintiff repeats and realleges each allegation in paragraphs 1 to 52 as if

fully set forth herein.

54.    Plaintiff has never authorized Defendants to use the trademark PAJAMAS FOR YOUR EARS or to sell the Infringing Product bearing the trademark PAJAMAS FOR YOUR EARS.

55.    Defendants have improperly developed, manufactured, transported, offered for sale and sold Infringing Product which bear a counterfeit of the trademark PAJAMAS FOR YOUR EARS.

56.    Plaintiff owns the registered trademark PAJAMAS FOR YOUR EARS. The use of "pajamas for your ears" by Defendants is a counterfeit mark, and Defendant did so with full knowledge that the mark was a counterfeit, and with full knowledge of Plaintiff's trademark rights.

57.    Defendants' infringing acts have caused, and will continue to cause, Plaintiff irreparable harm and injury.

58.    Defendants have improperly developed, manufactured, transported, offered for sale and sold the Infringing Product bearing the counterfeit of the trademark PAJAMAS FOR YOUR EARS with the intent to cause confusion and mistake, to deceive the public and to improperly appropriate Plaintiff's valuable trademark rights.

59.    Defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114 et seq.

60.    Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $ 1 million.

61.    Defendants' wrongful acts have caused and will continue to cause Plaintiff

to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT V

### New York Common Law Trademark Infringement

62. Plaintiff repeats and realleges each allegation in paragraphs 1 to 61 as if fully set forth herein.

63. Plaintiff owns all right, title and interest in and to the trademark PAJAMAS FOR YOUR EARS, including all common law rights in the trademark PAJAMAS FOR YOUR EARS, and the trademark PAJAMAS FOR YOUR EARS is distinctive.

64. Defendants have affixed, applied and used in connection with the development, manufacturing, transporting, offering for sale and sale of the Infringing Product representations of the trademark PAJAMAS FOR YOUR EARS, and have caused the Infringing Product to enter into commerce in the United States, to Plaintiff's detriment.

65. Defendants have improperly developed, manufactured, transported, offered for sale and sold the Infringing Product bearing the trademark PAJAMAS FOR YOUR EARS with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trademark rights of Plaintiff.

66. Defendants' said acts were undertaken without the permission, license or consent of Plaintiff and are damaging to Plaintiff.

67. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $1 million.

68. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT VI

### New York Common Law Unfair Competition

69. Plaintiff repeats and realleges each allegation in paragraphs 1 to 68 as if fully set forth herein.

70. Upon information and belief, Defendants have intentionally misappropriated the trademark PAJAMAS FOR YOUR EARS and the SLEEPPHONES Trade Dress with the intention of causing confusion, mistake and deception among consumers as to the source of the goods and with the intent to unfairly profit from Plaintiff's goodwill at Plaintiff's expense.

71. As a result of the foregoing, Defendants' actions constitute unfair competition and misappropriation, which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

72. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $1 million.

73. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT VII

### Injury to Business Reputation and Dilution

### Under § 360-I of the New York General Business Law

74. Plaintiff repeats and realleges each allegation in paragraphs 1 to 73 as if fully set forth herein.

75. By reason of the practices and acts set forth above, Defendants are likely to injure the Plaintiff's reputation and dilute the distinctive quality of the trademark PAJAMAS FOR YOUR EARS.

76. These acts of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

77. Defendants' said acts violate Section 360-I of the New York General Business Law.

78. Defendants' wrongful acts have injured Plaintiff in an amount thus far not determined, but if continued will result in damages of at least $ 1 million.

79. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Finding that (a) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43 (a) of the Lanham Act (15 U.S.C. § 1125 (a)); (b)

Defendants have engaged in trademark infringement and unfair competition under New York common law; and that (c) Defendants have diluted the trademark PAJAMAS FOR YOUR EARS in violation of New York General Business Law §360-1.

   B. Enjoining Defendants, preliminarily during the pendency of this action, and permanently, from infringing the trademark PAJAMAS FOR YOUR EARS or the SLEEPPHONES Trade Dress in any manner, including but not limited to vending, distributing, selling, displaying, promoting or advertising of the Infringing Product;

   C. Directing Defendants to deliver to Plaintiff for destruction all items in their possession bearing the trademark PAJAMAS FOR YOUR EARS and/or any unauthorized reproductions, counterfeits, copies or colorable imitations thereof;

   D. Directing Defendants to immediately delete or destroy all of their files and hard drives displaying or bearing the trademark PAJAMAS FOR YOUR EARS;

   E. Directing Defendants to remove all references to or images of the SLEEPPHONES product and the trademark PAJAMAS FOR YOUR EARS from the Offending Websites or any other promotional materials, websites or webpages under the control of Defendants that feature the trademark PAJAMAS FOR YOUR EARS or the Infringing Products;

   F. Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities;

   G. Directing the internet service provider, or providers, of Defendants to take down the pages on the Offending Websites that display the Infringing Product or the trademark PAJAMAS FOR YOUR EARS and disable the Offending Websites, and

15

take down or disable any other webpages under the control of Defendants that feature the trademark PAJAMAS FOR YOUR EARS or the Infringing Product;

  H. Awarding Plaintiff its damages from Defendants' wrongful acts;

  I. Awarding Plaintiff three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

  J. Awarding Plaintiff the cost of this action, as well as reasonable attorneys' fees;

  K. Awarding Plaintiff punitive damages as a result of Defendants' wrongful acts;

  L. Directing that this Court retain jurisdiction of this action for the purpose of enabling the Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

  M. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: July 12, 2013

            GOTTLIEB, RACKMAN & REISMAN, P.C.

            _____
            George Gottlieb, Esq.
            ggottlieb@grr.com
            270 Madison Avenue
            New York, New York 10016
            (212) 684-3900

# EXHIBIT 1

Case 1:13-cv-04884-PGG    Document 1    Filed 07/15/13    Page 17 of 19

# United States of America
## United States Patent and Trademark Office

# PAJAMAS FOR YOUR EARS

**Reg. No. 4,096,273**  ACOUSTICSHEEP, LLC (DELAWARE LIMITED LIABILITY COMPANY)
179 JEFFERSON CIRCLE
**Registered Feb. 7, 2012**  BELLEFONTE, PA 16823

**Int. Cl.: 9**  FOR: COMPACT DISCS FEATURING MUSIC; DOWNLOADABLE MP3 FILES AND MP3 RECORDINGS FEATURING BINAURAL BEATS; DOWNLOADABLE MUSICAL SOUND RECORDINGS; HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

**TRADEMARK**

**PRINCIPAL REGISTER**  FIRST USE 6-13-2007; IN COMMERCE 7-15-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-359,024, FILED 6-29-2011.

SUSAN STIGLITZ, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

*ATTENTION MADRID PROTOCOL REGISTRANTS: The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.